UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| NATIONAL AUTOMOTIVE PARTS ASSOCIATION LLC AND GENUINE PARTS COMPANY | § § § § | |
| Plaintiffs | § § | |
| v. | § § | CASE NO. 4:22-cv-00181 |
| 4212 TWT LLC AND BRAD OSBORNE | § § § § | |
| Defendants | § § | |

## CONSENT JUDGMENT

Plaintiffs National Automotive Parts Association, LLC (NAPA) and Genuine Parts Company (GPC) (collectively, Plaintiffs) and defendants 4212 TWT LLC (TWT) and Brad Osborne (Osborne) (collectively, Defendants) (all of which are collectively referred to as the Parties) represent to the Court that they have reached a settlement to resolve all claims asserted by Plaintiffs against Defendants in this action (the Action). Based upon the Parties' agreement, the Court enters this Consent Judgment, which fairly and accurately represents the Parties' settlement agreement with respect to the Action.

It is therefore STIPULATED, AGREED and ORDERED as follows:

1.    NAPA owns numerous well-known, federally registered trademarks including the NAPA®, NAPA AUTO PARTS® and NAPA AUTOCARE CENTER® word marks registered with the United States Patent and Trademark Office as U.S. Trademark Registration Nos. 840,448, 924,558, 924,587, 925,029, 924,663, 932,513, 1,471,743, 1,613,323, 1,754,707, 1,813,391, 2,771,415, and 6,041,526. NAPA also owns numerous

1

Case 4:22-cv-00181-P    Document 18    Filed 03/21/22    Page 2 of 6    PageID 170

well-known, federally registered design marks and trade dress including U.S. Trademark Registration Nos. 858,745, 858,805, 858,838, 838,935, 861,630, 890,814, 1,021,396, 1,038,779, 1,063,733, 1,064,275, 1,064,751, 1,064,820, 1,064,833, 1,142,032, 1,152,166, 1,165,150, 1,166,140, 1,484,828, 1,968,014, 2,111,514, 2,631,013, 2,634,652, 2,773,452, 4,228,708, and 6,041,527, many of which specifically claim blue, yellow and white as a feature of the mark (collectively, the NAPA Registered Trademarks).

2.    NAPA also owns common law marks and trade dress rights, among other common law rights, in the following: (1) the word mark NAPA® in all capitalized blue letters in a hexagon-shaped field of white with a yellow border; (2) the word mark AUTO CARE™ in stylized all capitalized white or yellow letters on a blue background; (3) a blue rectangular background having a yellow border or line extending through a portion of the blue background and a red underline; and (4) any combination of NAPA Registered Trademarks, NAPA's common law marks or trade dress depicted in a variety of configurations including blue or yellow rectangles, boxes and other similar shapes with white or yellow lettering (collectively, the NAPA Common Law Marks). The NAPA Registered Marks and NAPA Common Law Marks are collectively referred to as the NAPA Marks.

3.    Defendant TWT, a former NAPA licensee, is operating its automotive repair business in Fort Worth, Texas as "NAPA AutoCare." Although TWT's license terminated, TWT continues to use the NAPA Marks in its storefront signage and on social media without authorization from NAPA.

2

4.      Defendants are aware of NAPA's trademark rights, and the public confusion created by Defendants' unauthorized use of NAPA's Marks.

5.      NAPA had suffered and will continue to suffer immediate and irreparable harm due to customer confusion as well as imminent public harm to its goodwill and reputation caused by Defendants' infringement of NAPA's Marks.

6.      NAPA is the exclusive owner of registered trademarks, including the NAPA Marks, has a protectable right in the NAPA Marks, and that Defendants' use of the NAPA Marks will cause a substantial likelihood of confusion.

7.      Defendants' use of NAPA's identical marks for the same or similar services has caused actual public confusion regarding the source, sponsorship or affiliation of TWT's services.

8.      Absent an injunction, the public will continue to be deceived by Defendants' conduct, and an injunction is necessary to serve the public interest.

9.      TWT has failed to timely pay GPC for automotive parts ordered by TWT in the amount of Twenty-Three Thousand, Two Hundred, Twenty-Six and 87/100 Dollars ($23,226.87).

10.    On March 10, 2022, Plaintiffs filed suit against Defendants seeking its actual damages and requesting, among other things, that Defendants be temporarily restrained and permanently enjoined from the use of NAPA's Marks.

11.    The Parties agree this Consent Judgment addresses all claims and issues that were raised in the Action.

It is therefore ORDERED, ADJUDGED and DECREED that TWT, its officers, agents, servants, and employees, Brad Osborne, and all other persons who are in active concert or participation with them are hereby permanently restrained and enjoined (1) from doing business as "NAPA," "NAPA AUTO CARE," or "NAPA AUTO CARE CENTER"; and (2) from using NAPA Marks, or any confusingly similar marks, in any manner whatsoever, including in any outdoor signage, advertising material, websites, social media accounts, YouTube channels, email addresses, online ads or posts. Defendants may, however, use a blue background with white or yellow lettering so long as the use is part of a licensing agreement for another registered and nationally-recognized trademark which has no affiliation or connection with NAPA or the NAPA Marks and which does not otherwise infringe on the NAPA Marks. Defendants must immediately remove any NAPA Marks, or any confusingly similar marks, from all websites, social media accounts, YouTube channels, email addresses, online ads or posts. Defendants have ninety (90) days for the entry of this Order to replace its outdoor signage and advertising materials. Defendants must seek and obtain NAPA's prior written approval of Defendants' design before installing any outdoor signage.

It is further ORDERED that in accordance with 15 U.S.C. § 1116(a), Defendants shall file with the Court within ninety days of this order a written report under oath setting forth in detail the manner and form in which Defendants have complied with the Court's order.

4

It is further ORDERED, ADJUDGED and DECREED that Defendants shall pay to GPC the sum of Twenty-Three Thousand, Two Hundred, Twenty-Six and 87/100 Dollars ($23,226.87).

All attorney's fees, expenses and court costs will be paid by the parties incurring same.

This Consent Judgment fully and finally adjudicates all claims in this Action, and therefore is a final order disposing of all claims and all parties.

This Court retains jurisdiction to interpret and enforce this Consent Judgment.

So ORDERED.

Signed this 21 day of March, 2022.

_____
MARK T. PITTMAN
UNITED STATES DISTRICT JUDGE

AGREED:

_____
Brad Osborne, Individually
4212 Twilight Trail
Fort Worth, TX 76126

_____
Brad Osborne, President
4212 TWT LLC
3120 Alta Mere Drive
Fort Worth, TX 76116

*/s/ Joseph F. Cleveland, Jr.*
Joseph F. Cleveland, Jr.
Texas Bar No. 04378900
jcleveland@belaw.com
BRACKETT & ELLIS, P.C.
100 Main Street
Fort Worth, Texas 76102-3090
Telephone:  (817) 338-1700
Facsimile:  (817) 870-2265

COUNSEL FOR PLAINTIFFS